because it was not in effect a final order, but we are in accord with his contention that, under the circumstances in this case, such court should have rendered an order directing the final disposition of the fund in question. For the reasons above stated the judgment will be reversed and the cause remanded with directions to the Circuit Court to enter an order against Henry C. Gerke, administrator with the will annexed, to pay over the funds of the administration in his hands to Joseph Dickson, Jr., administrator *pendente lite* by appointment of the Probate Court of St. Louis, Missouri.

*Reversed and remanded with directions.*

---

## James Smith, Appellee, v. Saline County Coal Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Saline county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the October term, 1917. Reversed and remanded. Opinion filed April 5, 1918.

### Statement of the Case.

Action by James Smith, plaintiff, against Saline County Coal Company, defendant, to recover damages for personal injuries received while employed in defendant's mine. From a judgment for plaintiff for $4,000, defendant appeals.

MILEY & COMBE and A. E. SOMERS, for appellant; WARREN NICHOLS, of counsel.

LEWIS, RONALDS & LEWIS, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. MINES AND MINERALS—*when declaration sufficiently alleges that employee's leg was broken by being caught between car and motor.*  A declaration in an action by an employee to recover for personal injuries, alleged to have been caused by the derailment of a mine car, which alleges that because of the dangerous condition of the track the car was "derailed and the rear portion of the car was thrown up in the air and as a direct result thereof the front end of the motor upon which the plaintiff was riding and which he was then and there driving and propelling ran under and against the rear end of said car in such manner as to catch the right leg of plaintiff which was broken," etc., while lacking in definiteness and precision, sufficiently alleges that plaintiff's leg was broken by being caught between the car and the motor, and not that it was already broken at that time.

2. MINES AND MINERALS, § 191*—*when instruction on liability of owner for violation of duty to prevent miner entering unsafe mine is erroneous.*  In an action by a mine employee to recover for personal injuries, it is reversible error to give an instruction directing the jury to return a verdict for plaintiff if the preponderance of the evidence shows that defendant had violated its statutory duty to prevent plaintiff from entering its mine after it knew such place to be unsafe, without also instructing that plaintiff's injury must have been the result of defendant's neglect of its statutory duty.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.